UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA FINEHOUT RANDALL

    Plaintiff,

vs.                                Case No.:

NEUROINTERVENTIONAL
ASSOCIATES, P.A. and BLUE CROSS
AND BLUE SHIELD OF FLORIDA, INC.,
D/B/A FLORIDA BLUE

    Defendants.

_____/

## COMPLAINT

Plaintiff Sabrina Finehout Randall ("Plaintiff"), by her undersigned counsel, files this Complaint and sues Defendants Neurointerventional Associates, P.A. ("NAPA") and Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue ("Florida Blue"), and alleges as follows:

## INTRODUCTION

This is an action for damages, equitable relief and attorney's fees and costs under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, *et seq*., specifically 29 U.S.C. §§ 1132 (a)(1)(b) and(a)(2), by which Plaintiff seeks payment for medical care benefits from Defendants for medically necessary treatment covered under the Plan, as defined herein.

## PARTIES

1.    Plaintiff is an individual residing in Pinellas County, Florida and who is otherwise *sui juris.*

2. NAPA, is a Florida corporation, duly organized and existing under the laws of Florida, with its principal place of business located at 200 Second Avenue South, Suite 513, St. Petersburg, Florida 33701.

3. At all times relevant hereto, Plaintiff was an "employee" of NAPA, her "employer," as these terms are defined in 29 U.S.C. §§1002(5) and (6).

4. At all times relevant hereto, Plaintiff was a "participant" in and "beneficiary" of a group health insurance plan (hereinafter the "Plan"), as these terms are defined by 29 U.S.C. §§ 1002(7) and (8). The Plan was established and maintained for employees of NAPA for the purpose of providing participants and/or beneficiaries medical care coverage. The Plan is a component of an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

5. At all times relevant hereto Plaintiff's employer, NAPA, was the "plan sponsor" and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002(16)(B) and (21)(A).

6. At all times relevant hereto Florida Blue was the claim "administrator" of the Plan and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16)(A) and (21)(A), at its principal place of business, 4800 Deerwood Campus Parkway, Jacksonville, Florida 32246.

7. Hereinafter, NAPA and Florida Blue may be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. 1331 and 29 U.S.C. § 1132(e)(1), (f).

9. Venue is proper in this Court, pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C. § 1391 (b), (c) and (d), because the breach of the Plan contract occurred within the United States District Court for the Middle District of Florida; NAPA resides in this District; a substantial part

of the events and omissions described herein occurred in this District; Florida Blue has sufficient contacts within this District; and the causes of action all occurred and accrued in this District.

## THE INSURANCE POLICY

10. NAPA purchased the Plan for the benefit of its employees and their families. The purpose of the Plan was to provide beneficiaries and/or participants medical care benefits. The Plan was issued to NAPA by Florida Blue and provided on printed forms prepared by Florida Blue. A copy of the Plan was requested by Plaintiff prior to commencing this action. Yet, after multiple requests, Florida Blue has refused to provide Plaintiff with a copy of the Plan.

11. As a condition of employment with NAPA and by virtue of Plaintiff's employment with NAPA, Plaintiff, at all times relevant to this Complaint, was a beneficiary and/or participant of the Plan and entitled to medical care coverage under the Plan. Plaintiff was added to the Plan and supplied medical benefits by NAPA, by and through Florida Blue, effective May 1, 2013.

12. The Plan is a welfare benefit plan established under ERISA to provide health insurance benefits to those beneficiaries and/or participants who sought medical treatment and satisfied the terms and conditions of the Plan to receive such benefits.

13. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the Plan for the loss or losses herein claimed and has exhausted her administrative remedies prior to filing this action and/or exhaustion has been excused or is waived. In the alternative Defendants have failed to timely respond to Plaintiff's pre-suit claim and Florida Blue has refused to provide Plaintiff with a copy of the Plan, which would contain the appeal procedure regarding her claims. Therefore the ERISA administrative remedies are "deemed" to be exhausted.

14. A copy of the Certificate of Creditable Coverage for the Plan is attached hereto as **Exhibit "A."**

## PLAINTIFF'S CLAIM FOR MEDICAL BENEFITS

15. Plaintiff was diagnosed as suffering from a serious medical condition and she was obligated to subsequently undergo surgical treatment.

16. Plaintiff's medical condition was critical and required immediate care.

17. Plaintiff's physician recommended that Plaintiff have the surgical procedure. This recommended procedure was available at Northside Hospital in St. Petersburg, Florida.

18. Prior to the above-referenced surgery, NAPA, and particularly Dr. Nasser Razack, was notified of the recommendation that Plaintiff have the procedure. Dr. Razack in turn approved Plaintiff's leave to proceed with the surgery.

19. Plaintiff was informed by Northside Hospital that the procedure did not require a pre-authorization, however, Florida Blue did provide Northside Hospital with an authorization that the surgery was covered under NAPA's Plan. In fact, Plaintiff was informed that she had met her deductible for the calendar year and that the procedure was to be performed at no cost to her under the Plan.

20. At all times relevant hereto and based on the information communicated to Plaintiff by Defendants, Plaintiff believed that the Plan provided for payment of health insurance benefits in the event Plaintiff sought medical treatment.

21. On November 19, 2013, Plaintiff underwent the surgical procedure, which caused the accumulation of approximately $235,000 worth of medical bills which should have been covered by the Plan and Defendants.

22. Expenses or eligible charges, as defined in the Plan, included charges by hospitals for medical services and supplies, the regular and customary fees of legally qualified physicians

and surgeons for medical care and treatment and surgical operations. Such charges also included expenses incurred for drugs and medicines dispensed by a licensed pharmacist or physician pursuant to a physician's written prescription.

23. On December 10, 2013, three (3) weeks after the authorized surgery was completed, Plaintiff was sent a letter by Florida Blue stating that her "employer's policy has been cancelled effective 11/01/2013. Therefore, no benefits are available for services rendered after the effective date of cancellation." **(See Exhibit B).**

24. When Plaintiff received Florida Blue's letter, Plaintiff immediately confronted NAPA's office manager, and was told that this letter was mailed by Florida Blue pursuant to NAPA's nonpayment of the Plan premium. Plaintiff did not receive any notice from NAPA that the Plan premium was not paid prior to the surgical procedure or prior to receiving Florida Blue's letter.

25. Defendants have not paid the outstanding medical bills and/or have refused to comply with the terms and conditions set out in the Plan, prompting numerous debt collection calls to Plaintiff.

26. Plaintiff brings this action, among other reasons, because of Florida Blue's refusal to provide Plan benefits prompted by NAPA's failure to pay the Plan premium without notifying its employees, including Plaintiff.

27. On November 17, 2015, a demand letter was sent to Defendants demanding they provide payment and/or provide coverage for the costs attributable to Plaintiff's surgical procedure. The letter demanded coverage for any and all outstanding statements/bills, which amounted to over $64,000 at the time the letter was mailed. A true and correct copy of the Demand for Health Care Payment/Coverage is attached as **Exhibit "C."**

## COUNT I
### (ACTION TO RECOVER PLAN BENEFITS UNDER 29 U.S.C. §§1132(a)(1)(B) AND (a)(2)—ALL DEFENDANTS)

28. Plaintiff repeats and realleges the allegations in Paragraphs Nos. 1-27 as if fully set forth herein.

29. The Plan provided for the payment of health insurance benefits in the event Plaintiff incurred certain medical expenses as defined in the Plan.

30. Plaintiff incurred medical expenses covered by the Plan, which was authorized by Florida Blue and NAPA had full knowledge of the scheduled procedure.

31. Plaintiff is a beneficiary and/or participant of the Plan supplied by NAPA as a condition of her employment, which was administered by Florida Blue, and is entitled to recover medical care due to Plaintiff under the terms of the Plan for the prescribed treatment of Plaintiff's serious medical condition.

32. Defendants have breached their contractual relationship and fiduciary duties owed to Plaintiff by failing/refusing to pay the costs associated with Plaintiff's procedure. NAPA further breached its fiduciary duty of loyalty by failing to discharge its duties solely in the interest of the Plan participants when it did not pay Florida Blue's premiums due for continued administration of the Plan.

33. Plaintiff is entitled to Plan benefits for the covered medical expenses.

34. Moreover, despite repeated demand, Defendants have failed/refused to make any payments to cover the costs associated with Plaintiff's procedure.

35. Plaintiff has been damaged by Defendants' breach of the Plan agreement, and by Defendants' failure/refusal to cover the costs associated with Plaintiff's procedure.

36. Defendants have breached the terms of the Plan by wrongfully refusing to cover the costs of the prescribed treatment according to the terms of the Plan.

37.     Because of the continual failure to pay benefits pursuant to the terms of the Plan, Plaintiff has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorneys' fee. Plaintiff is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132 (g).

WHEREFORE, Plaintiff demands judgment for damages against Defendants, including, but not limited to, payment of health insurance benefits due under the Plan, all compensatory damages, incidental and consequential damages, liquidated damages, special damages, late fees, prejudgment interest, costs, attorneys' fees pursuant to all applicable law, and other damages, and any and all other relief this Court deems necessary, just and proper.

## COUNT II
### (VIOLATION OF FLORIDA STATUTE § 627.6645— ALL DEFENDANTS)

38.     Plaintiff repeats and realleges the allegations in Paragraphs Nos. 1-27 as if fully set forth herein.

39.     Florida Blue's December 10, 2013 letter to Plaintiff advising her that that her "employer's policy has been cancelled effective 11/01/2013," mailed after Plaintiff had proceeded with the authorized surgery, is contrary to Florida Blue's legal obligations under Florida law.

40.     Fla. Stat. §627.6645(5) clearly states:

> If cancellation is due to nonpayment of premium, the insurer **may not** retroactively cancel the policy to a date prior to the date that notice of cancellation was provided to the policyholder unless the insurer mails notice of cancellation to the policyholder prior to 45 days after the date the premium was due. Such notice must be mailed to the policyholder's last address as shown by the records of the insurer and may provide for a retroactive date of cancellation no earlier than midnight of the date that the premium was due.
> (emphasis added)

41.     Florida Blue canceled NAPA's policy as of a date prior to the date that notice of cancellation was provided to Plaintiff.

42. Fla. Stat. §627.6645(1) also requires NAPA to provide any notice pertaining to cancellation of the Plan from Florida Blue to Plaintiff as soon as practicable.

43. NAPA did not notify Plaintiff of this Plan cancellation for NAPA's failure to pay the Plan premium, prior to Plaintiff's surgical procedure.

44. Defendants have breached the requirements of Fla. Stat. §627.6645 by failing to notify Plaintiff that the Plan premium was unpaid by NAPA thereby foreclosing Plaintiff from receiving coverage under the Plan as it relates to Plaintiff's surgical procedure.

45. Plaintiff is entitled to recover attorneys' fees as authorized by Fla. Stat. §627.6698(1).

WHEREFORE, Plaintiff demands judgment for damages against Defendants, including, but not limited to, all compensatory damages, incidental and consequential damages, liquidated damages, special damages, late fees, prejudgment interest, costs, attorneys' fees pursuant to all applicable law, and other damages, and any and all other relief this Court deems necessary, just and proper.

Dated:  June 10, 2016.

Respectfully submitted,

/s/ *Irain J. Gonzalez*
Robert W. Boos, Esq.
Florida Bar No. 0558079
Primary:	bob.boos@arlaw.com
Secondary:	lisa.stallard@arlaw.com
LEAD ATTORNEY
Irain J. Gonzalez, Esq.
Florida Bar No.  0092408
Primary: ira.gonzalez@arlaw.com
Secondary: katie.takas@arlaw.com
**ADAMS AND REESE LLP**
101 East Kennedy Boulevard, Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
*Counsel for Plaintiff*