# ADAMS AND REESE LLP



**Attorneys at Law**
Alabama
Florida
Louisiana
Mississippi
Tennessee
Texas
Washington, DC

Ira J. Gonzalez
Also Admitted in Louisiana
Direct: 813.227.5526
Fax: 813.402.2887
ira.gonzalez@arlaw.com

Certified Article Number
7160 3901 9849 2053 9240
SENDERS RECORD

Certified Article Number
7160 3901 9849 2053 9257
SENDERS RECORD

November 17, 2015

VIA CERTIFIED MAIL RETURN RECEIPT
REQUESTED 7160 3901 9849 2053 9240

Dr. Nasser Razack
Neurointerventional Associates, P.A.
200 Second Avenue South
St. Petersburg, Florida 33701

VIA CERTIFIED MAIL RETURN RECEIPT
REQUESTED 7160 3901 9849 2053 9257

Blue Cross and Blue Shield of Florida, Inc.
d/b/a Florida Blue
4800 Deerwood Campus Parkway, Suite 107
Jacksonville, Florida 32246

RE: Demand for Health Care Payment/Coverage

Dear Dr. Razack and Florida Blue:

This office represents Ms. Sabrina Finehout ("Ms. Finehout") in reference to your failure to provide health care coverage for surgery performed on November 19, 2013 at Northside Hospital to address a serious medical condition. Ms. Finehout hereby demands coverage for any and all outstanding statements/bills attributable to the above reference procedure, which currently amounts to over $64,000.

As a condition of employment with Neurointerventional Associates, P.A., Ms. Finehout was supplied medical benefits through Florida Blue effective May 1, 2013 and was added to the company's group health plan. Prior to the above reference surgery, Ms. Finehout performed her due diligence by informing Dr. Razack of the procedure who in turn granted her leave, and by seeking/receiving authorization from Florida Blue to proceed with the surgery confirming coverage under her employer's group health plan. In fact, Florida Blue informed Ms. Finehout that she had met her deductible for the year and that the procedure was to be performed at no cost to her. Three weeks after the authorized surgery, on December, 10, 2013, Ms. Finehout was sent a letter by Florida Blue stating that her "employer's policy has been cancelled effective 11/01/2013. Therefore, no benefits are available for services rendered after the effective date of cancellation." (See attachment). Ms. Finehout understands that this notice was mailed pursuant to Neurointerventional Associates, P.A.'s nonpayment of the premium.

Undoubtedly, this notice, mailed after Ms. Finehout had proceeded with the authorized surgery, is contrary to Neurointerventional Associates, P.A. and Florida Blue's legal obligations under Florida law. §627.6645 clearly states:

EXHIBIT C

November 17, 2015
Page 2

> If cancellation is due to nonpayment of premium, the insurer **may not** retroactively cancel the policy to a date prior to the date that notice of cancellation was provided to the policyholder unless the insurer mails notice of cancellation to the policyholder prior to 45 days after the date the premium was due. Such notice must be mailed to the policyholder's last address as shown by the records of the insurer and may provide for a retroactive date of cancellation no earlier than midnight of the date that the premium was due. (emphasis added)

To be clear, Ms. Finehout did not receive any notice of Neurointerventional Associates, P.A.'s nonpayment of the premium from Neurointerventional Associates, P.A. or Florida Blue prior to the scheduled surgery and/or prior to the above reference letter from Florida Blue. Please promptly provide payment and/or provide coverage for the entire balance attributable to Ms. Finehout's above reference procedure. If you fail to pay the entire balance within thirty (30) days after receiving this letter, Ms. Finehout has the right to take whatever steps are necessary under the law to protect her interests. This will include filing a lawsuit against you in which Ms. Finehout will seek the payment and/or coverage of the outstanding balance and any other relief as may be applicable.

We look forward to working towards an amicable resolution of this matter without the need of protracted litigation or to avoid litigation entirely. Ms. Finehout reserves her right to pursue all legal and equitable remedies as permitted under Florida law, which such rights are cumulative in nature. Ms. Finehout's failure to currently insist upon the strict performance of any other obligations under the applicable law, or to exercise any election contained in the applicable law, shall not be construed as a waiver or relinquishment of the right to exercise such election, but the same will continue and remain in full force and effect.

We look forward to hearing from you or your counsel on or prior to December 16, 2015. If we don't hear from you by then, we intend on pursuing all legal remedies available to Ms. Finehout under Florida law.

Very truly yours,

ADAMS AND REESE LLP

Ira J. Gonzalez

IJG/kt

Enclosure

cc:   Ms. Sabrina Finehout

| | |
|---|---|
| 2. Article Number<br>7160 3901 9849 2053 9257<br>3. Service Type  **CERTIFIED MAIL**<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes<br>1. Article Addressed to:<br>Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue<br>4800 Deerwood Campus Parkway<br>Suite 107<br>Jacksonville, Florida 32246 | **COMPLETE THIS SECTION ON DELIVERY**<br>A. Received by (Please Print Clearly)   B. Date of Delivery<br>C. Signature<br>☐ Agent  ☐ Addressee<br>D. Is delivery address different from item?  ☐ Yes  ☐ No<br>If YES, enter delivery address below<br><br>Reference Information<br>000999-031647 |

PS Form 3811, January 2005       Domestic Return Receipt

2. Article Number

7160 3901 9849 2053 9240

3. Service Type **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

Dr. Nasser Razack
Neurointerventional Associates, P.A.
200 Second Avenue South
St Petersburg, FL 33701

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
11-19-15

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from Item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

Reference Information
000999-031647

PS Form 3811, January 2005   Domestic Return Receipt