UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA FINEHOUT RANDALL,

    Plaintiff,

v.                                CASE NO.:  8:16-cv-1531-T-17TGW

NEUROINTERVENTIONAL
ASSOCIATES, P.A., and BLUE CROSS
AND BLUE SHIELD OF FLORIDA, INC.,
d/b/a FLORIDA BLUE,

    Defendant.
_____/

## MOTION TO DISMISS

    Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), moves the Court pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and in support hereof states:

    1.    Plaintiff, Sabrina Finehout Randall ("Plaintiff"), brings this action for benefits under a group health insurance plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  See Complaint (Dkt. No. 1).

    2.    Plaintiff alleges that she was an employee of Defendant, Neurointerventional Associates, P.A. ("NAPA"), and a participant and/or beneficiary of NAPA's group health insurance plan (the "Plan").  Compl. ¶¶ 3-5, 11.

    3.    BCBSF was the claims administrator of the Plan.  Id. ¶ 6.

    4.    Plaintiff underwent a surgical procedure on November 19, 2013, which she believed was covered by the Plan.  Id. ¶¶ 20-21.

5. On December 10, 2013, however, BCBSF sent a letter to Plaintiff informing her that her employer's Plan had been cancelled effective November 1, 2013, and that no benefits would be available for services rendered after the effective date of cancellation. Id. ¶ 23, Ex. B.

6. The Plan was cancelled due to NAPA's nonpayment of premiums. Id. ¶¶ 26, 32, 43-44.

7. Count I of Plaintiff's Complaint seeks to recover benefits allegedly due to her under the terms of the Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B). Compl. ¶¶ 28-37. Count I also alleges that BCBSF breached its fiduciary duties under 29 U.S.C. § 1132(a)(2) by failing to pay the costs associated with Plaintiff's procedure. Id.

8. Count II is based on an alleged violation of Section 627.6645, Florida Statutes, which prohibits an insurer from retroactively cancelling a policy due to nonpayment of premium, to a date prior to the notice of cancellation *"unless the insurer mails notice of cancellation to the policyholder prior to 45 days after the date the premium was due."* Compl. ¶ 38-45 (quoting Fla. Stat. 627.6645(5))(emphasis supplied).

9. As explained more fully below, BCBSF moves to dismiss the Complaint because (i) the allegations do not establish a breach of the Plan terms, (ii) the allegations do not establish that BCBSF violated Section 627.6645, Florida Statutes, and (iii) there is no private state law cause of action for a violation of Section 627.6645.

10. In support of this motion, BCBSF is contemporaneously filing the affidavit of Amanda Graham of BCBSF ("Graham Aff.") which attaches a copy of the Plan documents at issue: The BlueOptions Small Employer Master Policy, attached as **Exhibit A**, and the BlueOptions Benefit Booklet, attached as **Exhibit B**. Also attached as **Exhibit C** to the affidavit

is a copy of the Employer Notice of Cancellation dated December 14, 2013, sent by BCBSF to NAPA.

## MEMORANDUM OF LAW

**I.     Motion to Dismiss Standard.**

The United States Supreme Court's two most recent decisions articulating the standard for a motion to dismiss are <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009).  Under those cases, while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555; <u>Kondell v. Blue Cross and Blue Shield of Florida, Inc.</u>, __ F. Supp. 3d __, 2016 WL 3554922, *5 (S.D. Fla. May 9, 2016).  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>  That is, they must "state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  Accordingly, if a complaint pleads facts that are merely consistent with a defendant's liability "it stops short of the line between possibility and plausibility of entitlement to relief." <u>Iqbal</u>, 129 S. Ct. at 1949 (internal quotation marks omitted).  Overall, the facts must support a legally cognizable claim.  If the facts alleged, accepted as true, do not support a legal claim, then they do not "raise an entitlement to relief" and should be dismissed.  <u>Twombly</u>, 550 U.S. at 557-58 ("So, when the allegation in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.").

Exhibits attached to a complaint are treated as part of the complaint for all purposes. <u>Griffin Indus., Inc. v. Irvin</u>, 496 F.3d 1189, 1205 (11th Cir. 2007); <u>Associated Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted

3

deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); Simmons v. Peavy-Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."). The exhibits are properly considered at the motion to dismiss stage and, if they negate the allegations of the complaint, the complaint should be dismissed. Griffin Indus., Inc., 496 F.3d at 1206.

Similarly, the ERISA Plan and Employer Notice of Cancellation dated December 14, 2013, from BCBSF to NAPA are properly considered by the Court at the motion to dismiss stage, because Plaintiff's claims are based on them. SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); see also Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015) ("[W]here a document—such as an insurance policy—is central to the plaintiff's claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss, this Court may consider that document as well.").

**II.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

ERISA authorizes a plan participant or beneficiary to recover benefits due under the terms of the plan, see 29 U.S.C. § 1132(a)(1)(B), and a plaintiff bears the burden of proving the

4

entitlement to such benefits.  Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038, 1040 (11th Cir. 1998).

### A.   Count I – Plaintiff has failed to allege facts showing a breach of the Plan.

In Count I, Plaintiff alleges that BCBSF "breached the terms of the Plan" by refusing to cover the costs of Plaintiff's surgical procedure.  Compl. ¶¶ 35-36.  A review of the Plan terms, however, shows that BCBSF was never obligated to cover such costs. BCBSF's denial of benefits was in accordance with the Plan's terms and conditions, and the law.

According to the terms of the Master Policy, the premium amount was required to be paid by NAPA, to BCBSF "in order for there to be coverage" under the Policy.  See Graham Aff. Ex. A at GP-2.  The premium payment was due monthly "on or before the first day of each succeeding calendar month to which such payments appl[ied]."  Id. at GP-6.  If the premium payment was not received by the end of the 10-day Grace Period following the due date, coverage would "automatically terminate effective as of the applicable due date."  Id.  The Plan explicitly provides that "[t]his Policy will automatically terminate as of the applicable Premium due date if we do not receive the full Premium payment prior to the end of the Grace Period … ." Id. at GP-4.  The Plan further provides that:

> **Other than as specifically set forth in this Small Employer Master Policy, BCBSF is not obligated to provide coverage or benefits for any individual for whom Premium has not been received by BCBSF in advance.**

Id. at GP-6 (bold emphasis in original).

Similarly, the Benefit Booklet states that expenses for health care services will be covered "only if the Services are . . . rendered while your coverage is in force; . . . ."  Graham Aff. Ex. B at 2-1.  In the event the Small Employer Master Policy is terminated, BCBSF will not provide coverage "for any Service rendered on or after the termination date."  Id. at 15-1.

5

Likewise, the general exclusions include "any Health Care Services received . . . after the date [the] coverage terminates." Id. at 3-3.

These Plan provisions make abundantly clear that the Plan automatically terminates effective retroactively on the date the Premium was due if the Premium was not paid when due, or within the Grace Period provided, and that no services are covered following the termination of the Plan. Thus, Plaintiff has no contractual right to benefits for her surgical procedure after the Plan terminated on November 1, 2013. Plaintiff's ERISA claim should be dismissed, therefore, as failing to state a claim as there has been no breach of the terms of the Plan.

Plaintiff alleges that she was informed "that the procedure was to be performed at no cost to her under the Plan." Compl. ¶ 19. But this allegation, even if true, does not alter the terms of the Plan or reinstate coverage in any way. According to the Plan, BCBSF determines whether medical services are covered after the services are obtained and BCBSF receives a claim for the services. Graham Aff. Ex. B at 2-1. By the time the services were performed and BCBSF received a claim, the Plan had already automatically terminated prior to the date of such services as a result of NAPA's nonpayment of premiums. In addition, the Plan makes clear that "no written or verbal representation by any employee or agent of BCBSF or by any other person shall waive or otherwise modify the terms" of the Plan and, therefore, Plaintiff cannot alter the terms of the Plan by pointing to any such representation. Id. at 2-1, 2-2.

Since the claim alleged in Count I is clearly inconsistent with the terms and conditions of the Plan upon which it relies, Count I fails to state a claim.

**B.    Count II – Plaintiff fails to allege facts showing a violation of Section 627.6645, Florida Statutes.**

Count II is based on an alleged violation of Section 627.6645(5), Florida Statutes. See Compl. ¶¶ 39-41. Section 627.6645 provides:

> (1)   Every insurer delivering or issuing for delivery a group health insurance policy under the provisions of this part shall give the policyholder at least 45 days' advance notice of cancellation, expiration, nonrenewal, or a change in rates. Such notice shall be mailed to the policyholder's last address as shown by the records of the insurer. However, **if cancellation is for nonpayment of premium, only the requirements of subsection (5) apply.** . . . .
> . . .
> (5)   If cancellation is due to nonpayment of premium, the insurer may not retroactively cancel the policy to a date prior to the date that notice of cancellation was provided to the policyholder **unless the insurer mails notice of cancellation to the policyholder prior to 45 days after the date the premium was due**. **Such notice** must be mailed to the policyholder's last address as shown by the records of the insurer and **may provide for a retroactive date of cancellation no earlier than midnight of the date that the premium was due.**

Fla. Stat. § 627.6645 (emphasis added).

According to the Complaint, BCBSF sent a notice of cancellation to Plaintiff on December 10, 2013 for cancellation "effective 11/01/2013." Compl. ¶ 39. Plaintiff alleges that BCBSF violated Section 627.6645 by retroactively canceling the Policy. Id. ¶¶ 39-41.

Plaintiff's claim under Section 627.6645(5) fails as the Complaint and the cancellation letter attached thereto as Exhibit B show that BCBSF complied with subsection (5) the statute. Section 627.6645(5) allows for retroactive cancellation back to the premium due date, so long as the insurer mails notice of cancellation within 45 days from the premium due date.  Fla. Stat. § 627.6645(5).  Here, the Premium due date was November 1, 2013, and therefore the December 10, 2013, notice of cancellation letter addressed to Plaintiff is clearly within 45 days of November 1, 2013.

The provisions of the Master Policy reinforce BCBSF's right to retroactively terminate the Policy by giving notice within 45 days after termination. Graham Aff. Ex. A at GP-4.

> **Termination by Us for Non-Payment of Premium**
>
> This Policy will automatically terminate as of the applicable Premium due date if we do not receive the full Premium payment prior to the end of the Grace Period (see the Grace Period subsection of the "Payment Provisions" section).

The Master Policy provides that upon the termination of the Policy for non-payment of premium, "[BCBSF] will mail you a written notification within 45 days after the date the Premium is due, that this Policy has terminated." Graham Aff. Ex. A at GP-5.

While Plaintiff's Complaint alleges facts that already satisfy the 45-day notice requirement for retroactive termination, BCBSF also provided proper notice to NAPA under the terms of the Plan. Graham Aff. Ex. C. In fact, BCBSF's only obligation regarding the 45 day notice was to notify NAPA as the policyholder. The Plan provides that it is NAPA's responsibility to notify any employee. Graham Aff. Ex. A at GP-5. The allegation that NAPA did not notify Plaintiff that it failed to pay the premium, and that the Policy had been cancelled, has no bearing on BCBSF's obligations under the Plan. Either way, here BCBSF in fact provided actual written notice of cancellation within 45 days to both Plaintiff and NAPA.

For all these reasons, Plaintiff fails to state a claim for violation of Section 627.6645.

**C.     Count II – There is no cause of action for a violation of Section 627.6645 in any event.**

Plaintiff has no claim for an alleged violation of Section 627.6645 in any event for at least two additional reasons. First, ERISA preempts Plaintiff's effort to convert the provisions of the statute into a state law cause of action. If a state law claim "relates to" an ERISA plan, then it is preempted by federal law. See 29 U.S.C. § 1144(a) (ERISA's provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."). "[A] state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." Sanson v. General

8

Motors Corp., 966 F.2d 618, 621 (11th Cir. 1992) (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990)). As the Eleventh Circuit noted in Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186 (11th Cir. 1997), "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." 114 F.3d at 187.

Plaintiff's Count II is unquestionably intertwined with BCBSF's refusal to pay benefits. Plaintiff alleges, "Defendants have breached the requirements of Fla. Stat. §627.6645 by failing to notify Plaintiff that the Plan premium was unpaid by NAPA **thereby foreclosing Plaintiff from receiving coverage under the Plan** as it relates to Plaintiff's surgical procedure." Compl. ¶ 44 (emphasis supplied). Accordingly, Count II should be dismissed as preempted by ERISA. See Variety Children's Hosp. v. Century Med. Health Plan, Inc., 57 F.3d 1040, 1042 (11th Cir.1995) (where state law claims of fraud and misrepresentation are based upon failure of an ERISA plan to pay benefits, state law claims have a nexus with an ERISA plan and its benefits system so that preemption applies).

Second, even if ERISA preemption did not apply, there is no private state law cause of action to remedy a violation of Section 627.6645. "[N]ot every violation of statute by an entity governed or regulated by the statute gives rise to a private cause of action to enforce the provision or to recover damages." Perdido Sun Condo. Ass'n, Inc. v. Citizens Prop. Ins. Corp., 129 So. 3d 1210, 1213 (Fla. 1st DCA 2014). "Whether a violation of statute can serve as the basis for a private cause of action is a question of legislative intent." Id. (quoting Aramark Uniform & Career Apparel, Inc. v. Easton, 894 So. 2d 20, 23 (Fla. 2005)).

The Insurance Code does not authorize a civil action against an insurer based on an alleged violation of the notice provisions of Section 627.6645. A cause of action may exist when

9

authorized by another statute or by the common law of this state. An action based on Section 627.6645 has not been authorized by any statute or by the common law of this state, however, and therefore one does not exist. See Buell v. Direct Gen. Ins. Agency, Inc., 267 F. App'x 907, 908-09 (11th Cir. 2008) (Florida law conferred no private right of action to enforce Section 626.9541(1)(z) of the Insurance Code); Zarrella v. Pacific Life Ins. Co., 755 F. Supp. 2d 1218, 1229 (S.D. Fla. 2010) (no private right of action for alleged violations of § 626.9541(1)(a)1 and (b)4 of the Insurance Code "because the legislature has not demonstrated an intent to create a private cause of action under these sections."); Freeman v. Medical Protective Co. of Fort Wayne, No. 08-80479-CIV, 2008 WL 2965168, at *3-4 (S.D. Fla. Aug. 1, 2008) (no private right of action to enforce two different provisions of Insurance Code); Chicago Title Ins. Co. v. Commonwealth Forest Investments, Inc., 494 F. Supp. 2d 1332, 1338 (M.D. Fla. 2007) ("Had the Florida legislature intended to create a private cause of action under [Section 627.7845], it would have done so expressly, as it did with other sections of the insurance code."); See Lutz v. Protective Life Ins. Co., 951 So.2d 884, 886-889 (Fla. 4th DCA 2007) (a common law action for breach of contract based on a statutory violation only lies when the failure to comply with the incorporated statutory provision causes actual and direct damages to the insured); see also Friedman v. New York Life Ins. Co., 985 So. 2d 56, 58 (Fla. 4th DCA 2008) ("In Lutz, this court held that insureds may bring an action against the insurer under Chapter 627 if they can tie the alleged violations to specific statutory language and establish an entitlement to relief.").

     Plaintiff has no private right of action under Section 627.6645 to recover benefits, thus Count II should also be dismissed for failing to state a cognizable claim.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted. As Plaintiff's Complaint against BCBSF is not capable of being amended to state a claim, BCBSF requests that this Court enter an appropriate order granting this motion, and dismissing BCBSF with prejudice from the action.

**HOLLAND & KNIGHT LLP**

 s/ Timothy J. Conner
Timothy J. Conner
Florida Bar No. 767580
Primary: timothy.conner@hklaw.com
Secondary: lynette.mattison@hklaw.com
Raymond F. Treadwell
Florida Bar No. 0093834
Primary: raymond.treadwell@hklaw.com
Secondary: jennie.shiver@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
Telephone:  (904) 353-2000
Facsimile:  (904) 358-1872

*Attorneys for Defendant Blue Cross and Blue Shield of Florida, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2016, the foregoing document was served via the Court's CM/ECF system on the following parties:

Robert W. Boos, Esq.
Robert.boos@arlaw.com
Irain J. Gonzalez, Esq.
Ira.Gonzalez@arlaw.com
**ADAMS AND REESE, LLP**
101 East Kennedy Blvd., Suite 4000
Tampa, FL 33602

*Attorneys for Plaintiff*


Adam Scott Levine, Esquire
**The Florida Legal Advocacy Group**
1180 Gulf Blvd., Suite 303
Clearwater, FL 33767
aslevine@msn.com

*Attorneys for Neurointerventional Associates, P.A.*


                                                               s/ Timothy J. Conner
                                                               Attorney

#47319911_v1