UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA FINEHOUT RANDALL

    Plaintiff,

    vs.                                    Case No.: 8:16-cv-1531-T-17TGW

NEUROINTERVENTIONAL
ASSOCIATES, P.A. and BLUE CROSS
AND BLUE SHIELD OF FLORIDA, INC.,
D/B/A FLORIDA BLUE

    Defendants.

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
BLUE CROSS AND BLUE SHIELD OF FLORIDA INC.'S MOTION TO DISMISS**

Plaintiff Sabrina Finehout Randall ("Plaintiff"), by her undersigned counsel, files Plaintiff's Opposition to Defendant Blue Cross and Blue Shield of Florida Inc.'s ("Florida Blue") Motion to Dismiss and Incorporated Memorandum of Law requesting this Court deny Florida Blue's Motion to Dismiss Plaintiff's Complaint[1] for the reasons set forth herein.

### I.    SUMMARY OF ARGUMENT

Florida Blue attempts to argue that because Defendant Neurointerventional Associates, P.A. ("NAPA"), failed to pay the premiums for the Plan at issue, Florida Blue therefore had no other obligations toward Plaintiff with respect to the Plan. This argument is misguided. As a plan fiduciary under the Employee Retirement Income Security Act ("ERISA"), Florida Blue was obligated to act solely in the interest of plan participants. As such, Florida Blue was required to notify Plaintiff, not just NAPA, prior to rescinding her coverage. As detailed below, Florida Blue

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Complaint.

was prohibited from retroactively rescinding Plaintiff's coverage without directly providing her with advance notice of the termination.

The allegations in Plaintiff's complaint are more than sufficient to state a claim for the payment of benefits under ERISA and comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Indeed, none of Florida Blue's grounds for dismissal present a viable basis for dismissal of the Complaint, and therefore, Florida Blue's Motion to Dismiss should be denied.

## II.    ARGUMENT

### A. The Motion to Dismiss Standard.

"When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts [and inferences] in a light most favorable to the plaintiff." *Thornton v. City of St. Petersburg, Fla.*, No. 8:11-cv-2765-T-30TGW, 2012 WL 3128946, *1 (M.D. Fla. Aug. 1, 2012); *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010); *Teytelbaum v. Unum Group*, No. 8:09-cv-1231, *1, *2, 2010 WL 4689818 (M.D. Fla. Nov. 11, 2010) (denying defendant's motion to dismiss because "this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint."). To survive a motion to dismiss, the complaint must merely state "a plausible claim for relief" based on the allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, a complaint shall not be dismissed unless it is apparent, beyond all doubt, that the plaintiff could prove no set of facts to support any claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45--46 (1957); *Martinez v. Klemen Plaza, LLC*, No. 4:09-CV-410-SPMWCS, 2010 WL 1779394, *1 (N.D. Fla. May 3, 2010) ("Dismissal pursuant to Rule 12(b) (6) is warranted 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.' ") (quoting *Shands Teaching Hosp. and Clinics, Inc. v. Beech*

*Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal citations omitted)). "Thus, the movant sustains a very high burden." *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F. 2d 1577, 1579 (11th Cir. 1986).

"'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . .factual allegations must be enough to raise a right to relief above the speculative level.' In so doing, the Supreme Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible." *Martinez*, 2010 WL 1779394 at *1 (*quoting Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544, 555 (2007)). There can be no legitimate dispute that Plaintiff satisfied the pleading requirement. Here, the Complaint meets these pleading requirements and, consequently, Florida Blue's Motion to Dismiss should be denied in its entirety.

### B. Florida Blue Asserts an Improper Basis for its Motion to Dismiss.

As a procedural matter, Florida Blue has asserted an improper basis in its Motion for dismissal. Rather than accepting the factual allegations as true, as is required for a Rule 12(b)(6) motion, Florida Blue instead attempts to assert an affirmative defense by claiming that it met its obligations with respect to notification of Plan termination by provided NAPA with an Employer Notice of Cancellation. (*See* Affidavit of Amanda Graham, Doc. 11, ¶5). This argument is legally incorrect, as explained below, but it is also procedurally improper because it goes beyond the four corners of the well-pleaded Complaint. Unfortunately, Plaintiff had to commence this action against Florida Blue to even receive a copy of the Plan as Plaintiff requested the Plan documents on numerous occasions from Florida Blue to no avail. (*See* Complaint, Doc. 1, ¶10). Plaintiff's allegations in her Complaint are plainly reasonable and plausible at this stage of the case and must be viewed in the light most favorable to the Plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n. 1 (11th Cir. 1999).

The Court should not consider the assertions made in Florida Blue's affidavit or the documents attached thereto at this procedural stage, but should instead deny the present Motion to Dismiss and require Florida Blue to file an answer.

### C. Plaintiff's Complaint Details Florida Blue's Liability for Breach of its Fiduciary Duty to Plaintiff for Failure to Notify Plaintiff of Plan Termination.

Florida Blue's first argument—that Plaintiff failed to allege facts showing a breach of the Plan, entirely misconstrues Plaintiff's well-asserted allegations in her Complaint. Florida Blue essentially argues that it owed no duty to Plaintiff merely because NAPA stopped paying the Plan premiums. To the contrary, Florida Blue was a health insurance issuer offering group health insurance coverage, as well as a plan fiduciary, and as such was obligated to provide Plaintiff with advance notice of the termination of her coverage under the Plan. It has long been affirmed by the 11th Circuit that "[p]roviding notice of the discontinuation or suspension of coverage is a fiduciary responsibility; employees are entitled to prompt notice of the suspension of their plan coverage…. *See generally* 29 U.S.C.A. § 1021; *id.* at 1104(a)(1)." *Willett v. Blue Cross & Blue Shield of Alabama*, 953 F.2d 1335, 1340 (11th Cir. 1992)(citations in original); *see also Rucker v. Pac. FM, Inc.*, 806 F. Supp. 1453, 1456-57 (N.D. Cal. 1992).

Here, Florida Blue was required to timely notify Plaintiff that her coverage was going to be terminated. As a health insurance issuer as well as a Plan fiduciary, Florida Blue was required to "provide at least 30 days advance written notice to each participant who would be affected before coverage may be rescinded." 29 CFR §2590.715–2712(a)(1). Also, 42 U.S.C.A. § 300gg-12 provides that "[a] group health plan and a health insurance issuer offering group or individual health insurance coverage…may not be cancelled except with prior notice *to the enrollee*." (Emphasis added.) And finally, under 26 C.F.R. § 54.9815-2715(b), "[i]f a group health plan, or *health insurance issuer* offering group health insurance coverage, makes any material modification..., the plan or issuer must provide notice of the modification *to enrollees* not later

4

than 60 days prior to the date on which the modification will become effective." (Emphasis added.) The *Willet* and *Rucker* courts, above, have further held that termination affects participant rights to a much greater degree than a mere modification, thus requiring prompt notification. *See Willet* at 1340 and *Rucker* at 1456-57.

Moreover, Florida Blue argues its only obligation was to notify NAPA, not Plaintiff. (*See* Florida Blue's Motion to Dismiss, Doc. 10, pg. 8). As a health insurance issuer and a fiduciary of the Plan, Florida Blue was responsible for ensuring Plaintiff received notification directly and within the required time limits. *See* 29 CFR §2590.715–2712(a)(1) and 42 U.S.C.A. § 300gg-12, as noted above. Even if the Court considers Florida Blue's exhibits, Florida Blue's alleged notification to NAPA on December 14, 2013 was itself beyond the 30 day limit, and any notification to NAPA was insufficient to meet Florida Blue's burden.

Plaintiff's allegations include facts which trigger Florida Blue's obligations under ERISA and its implementing regulations. In her Complaint, Plaintiff alleges facts which ultimately show that Plaintiff was a beneficiary and/or participant of the Plan and entitled to medical care coverage under the Plan; Plaintiff was diagnosed as suffering from a serious medical condition and she was obligated to subsequently undergo surgical treatment; prior to the above-referenced surgery, Florida Blue provided the surgery treatment provider with authorization indicating the procedure would be covered; on December 10, 2013, three (3) weeks after the authorized surgery was completed, Plaintiff was sent a letter by Florida Blue stating that her "employer's policy has been cancelled effective 11/01/2013" pursuant to NAPA's nonpayment of the Plan premium; and Plaintiff did not receive any advance notice from NAPA or Florida Blue that the Plan premium was not paid prior to the surgical procedure or prior to receiving Florida Blue's letter. (*See* Doc. 1 ¶¶ 4, 15, 18, 23, 24). Because the Complaint alleges facts to support these theories of liability, Florida Blue's argument that it owed no additional duty to Plaintiff of any change in her medical

insurance benefits fails. The Complaint sufficiently pleads a claim for ERISA benefits. Therefore, the Motion to dismiss Count I must be denied.

### D. Dismissal with Prejudice is Inappropriate as Amendment Would Not Be Futile.

For the reasons stated above, Florida Blue's Motion to Dismiss should be denied. In the event the Court finds that the Complaint is deficient in any manner, leave to amend should be given and the Complaint dismissed without prejudice, as Plaintiff can state facts entitling her to relief. *Martinez*, 2010 WL 1779394 at *1.

### III. CONCLUSION

The Complaint meets the applicable pleading requirements and states a cause of action upon which relief can be granted against Florida Blue. Consequently, the allegations in the Complaint together with the documents attached to the Complaint and all reasonable inferences drawn from them support the Plaintiff's claims and require that Florida Blue's Motion be denied. Plaintiff therefore respectfully requests that the Court deny Florida Blue's Motion to Dismiss and instruct Florida Blue to file an answer to the Complaint.

Respectfully submitted,

/s/ *Irain J. Gonzalez*
Robert W. Boos, Esq.
Florida Bar No. 0558079
Primary:  bob.boos@arlaw.com
Secondary:  lisa.stallard@arlaw.com
LEAD ATTORNEY
Irain J. Gonzalez, Esq.
Florida Bar No.  0092408
Primary:  ira.gonzalez@arlaw.com
Secondary:  cindy.miller-tillett@arlaw.com
**ADAMS AND REESE LLP**
101 East Kennedy Boulevard, Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 5, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

>  */s/ Irain J. Gonzalez*
>  Irain J. Gonzalez, Esq.
>  Florida Bar No.  0092408