UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA FINEHOUT RANDALL

    Plaintiff,

    vs.                                Case No.: 8:16-cv-1531-T-17TGW

NEUROINTERVENTIONAL
ASSOCIATES, P.A. and BLUE CROSS
AND BLUE SHIELD OF FLORIDA, INC.,
D/B/A FLORIDA BLUE

    Defendants.

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
NEUROINTERVENTIONAL ASSOCIATES, P.A.'S MOTION TO DISMISS**

Plaintiff Sabrina Finehout Randall ("Plaintiff"), by her undersigned counsel, files Plaintiff's Opposition to Defendant Neurointerventional Associates, P.A.'s ("NAPA") Motion to Dismiss and Incorporated Memorandum of Law requesting this Court deny NAPA's Motion to Dismiss Plaintiff's Complaint[1] for the reasons set forth herein.

**I.    SUMMARY OF ARGUMENT**

The crux of NAPA's argument is that it could terminate Plaintiff's health insurance benefits at any time, without advance notice, simply because NAPA had no legal requirement to provide continuing health insurance benefits to Plaintiff under a written employment agreement. This simply is not true. As a Plan fiduciary subject to the requirements of the Employee Retirement Income Security Act ("ERISA"), NAPA was required to notify Plaintiff in advance of the termination of her coverage. NAPA readily admits that the Plan at issue is effectively

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Complaint.

regulated by ERISA, and that NAPA chose not to pay the Plan premiums. Moreover, as detailed below, there is a factual dispute as to whether NAPA provided any notification to Plaintiff in advance.

NAPA also argues that it can essentially ignore the requirements imposed on policyholders under Fla. Stat. §627.6645, which, according to NAPA, only applies to insurers. NAPA's assessment of Fla. Stat. §627.6645 is flawed. As explained in detail below, this statute imposes requirements on both insurers and policyholders. NAPA's argument pertaining to Fla. Stat. §627.6645(1), directly contradicts a plain reading of the Florida statute, which specifically applies to NAPA as a policyholder under the Plan. This section mandates that NAPA provide any notice pertaining to cancellation of the Plan from the insurer to Plaintiff as soon as practicable.

Additionally, NAPA asserts a number of arguments that are improper at this procedural juncture. Specifically, NAPA attempts to raise arguments outside the four corners of the Complaint, and matters that are properly raised as affirmative defenses. For example, NAPA claims that NAPA informed its employees before effectively cancelling the group health insurance by withholding premium payment. This assertion directly contradicts Plaintiff's allegation that she did not receive any notice from NAPA in this regard. (*See* Doc. 1 ¶¶18, 24).

The allegations in Plaintiff's complaint are more than sufficient to state a claim for the payment of benefits under ERISA and comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. NAPA's Motion has no legal or factual support. Indeed, none of NAPA's grounds for dismissal present a viable basis for dismissal of the Complaint, therefore, NAPA's Motion to Dismiss should be denied.

## II.   ARGUMENT

### A. The Motion to Dismiss Standard.

"When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts [and inferences] in a light most favorable to the plaintiff." *Thornton v. City of St. Petersburg, Fla.*, No. 8:11-cv-2765-T-30TGW, 2012 WL 3128946, *1 (M.D. Fla. Aug. 1, 2012); *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010); *Teytelbaum v. Unum Group*, No. 8:09-cv-1231, *1, *2, 2010 WL 4689818 (M.D. Fla. Nov. 11, 2010) (denying defendant's motion to dismiss because "this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint."). To survive a motion to dismiss, the complaint must merely state "a plausible claim for relief" based on the allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, a complaint shall not be dismissed unless it is apparent, beyond all doubt, that the plaintiff could prove no set of facts to support any claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45--46 (1957); *Martinez v. Klemen Plaza, LLC*, No. 4:09-CV-410-SPMWCS, 2010 WL 1779394, *1 (N.D. Fla. May 3, 2010) ("Dismissal pursuant to Rule 12(b) (6) is warranted 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.' ") (quoting *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal citations omitted)). "Thus, the movant sustains a very high burden." *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F. 2d 1577, 1579 (11th Cir. 1986).

"'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . .factual allegations must be enough to raise a right to relief above the speculative level.' In so doing, the Supreme Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible." *Martinez*,

3

2010 WL 1779394 at *1 (*quoting Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544, 555 (2007)). There can be no legitimate dispute that Plaintiff satisfied the pleading requirement. Here, the Complaint meets these pleading requirements and, consequently, NAPA's Motion to Dismiss should be denied in its entirety.

    B. **NAPA Asserts An Improper Basis for its Motion to Dismiss.**

    As a procedural matter, NAPA has asserted an improper basis in its Motion for dismissal. Rather than accepting the factual allegations as true, as is required for a Rule 12(b)(6) motion, NAPA instead attempts to assert an affirmative defense by claiming that NAPA informed its employees before by withholding payment of Plan premiums, effectively cancelling the Plan. NAPA's assertion directly contradicts the factual allegations in the Complaint. Specifically, Plaintiff has alleged that prior to the surgery at issue, NAPA, and particularly Dr. Nasser Razack, was informed of the surgery and approved Plaintiff's leave to proceed with the surgery, and yet NAPA failed to provide Plaintiff any advance notice that it had ceased payment of Plan premiums. (*See* Doc. 1 ¶¶18, 24).

    Plaintiff has properly pled a cause of action for breach of NAPA's fiduciary duty under ERISA and violation of a NAPA's requirement to notify Plaintiff of the termination of NAPA's medical benefits coverage as a result of non-payment of the premium. The allegations in the Complaint, when taken as true, present a viable cause of action against NAPA such to preclude dismissal of the case.

    If NAPA wishes to disprove the allegations and offer evidence in support of same, it may attempt to do so with a motion for summary judgment or at trial. But at this pre-discovery stage of the proceedings, it would be improper for the Court to dismiss this action based on NAPA's purportedly factual contentions to challenge Plaintiff's allegations. Plaintiff's allegations in her Complaint are plainly reasonable and plausible at this stage of the case and must be viewed in

the light most favorable to the Plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n. 1 (11th Cir. 1999).

### C. Plaintiff's Complaint Details NAPA's Liability for Breach of its Fiduciary Duty to Plaintiff for Failure to Notify Plaintiff of Plan Termination.

NAPA's first argument—that Plaintiff failed to state a claim against NAPA since NAPA could terminate Plaintiff's health insurance benefits at any time without notice to Plaintiff, entirely misconstrues Plaintiff's well-asserted allegations in her Complaint. NAPA's claim is belied by the detailed allegations in the Complaint. NAPA argues that it owed no fiduciary duty to Plaintiff merely because an employer's decision to eliminate ERISA-governed benefits is not a fiduciary act. Contrary to NAPA's assertion, Plaintiff is not arguing that NAPA's decision to terminate the plan was itself a breach of fiduciary duty under ERISA. Rather, the fiduciary duty arises from the obligation to notify plan beneficiaries of the termination of coverage. This is distinct from whether the decision to terminate an ERISA plan implicates a fiduciary duty. It has long been affirmed by the 11th Circuit that "[p]roviding notice of the discontinuation or suspension of coverage is a fiduciary responsibility; employees are entitled to prompt notice of the suspension of their plan coverage…. *See generally* 29 U.S.C.A. § 1021; *id.* at 1104(a)(1)." *Willett v. Blue Cross & Blue Shield of Alabama*, 953 F.2d 1335, 1340 (11th Cir. 1992)(citations in original); *see also Rucker v. Pac. FM, Inc.*, 806 F. Supp. 1453, 1456-57 (N.D. Cal. 1992).

Here, NAPA had numerous requirements to notify Plaintiff that her coverage was going to be terminated. First, 45 CFR 147.128(a)(1) prohibits group health plans and health insurance issuers from retroactively rescinding a participants coverage without providing at least 30 days written notice of the plan's termination. See also § 2590.715–2712.  Second, 42 U.S.C.A. § 300gg-12 provides that "[a] group health plan and a health insurance issuer offering group or individual health insurance coverage…may not be cancelled except with prior notice to the enrollee." And finally, under 26 C.F.R. § 54.9815-2715(b), [i]f a group health plan, or health insurance issuer

offering group health insurance coverage, makes any material modification..., the plan or issuer must provide notice of the modification to enrollees not later than 60 days prior to the date on which the modification will become effective. The *Willet* and *Rucker* courts, above, have further held that termination affects participant rights to a much greater degree than a mere modification, thus requiring prompt notification. *See Willet* at 1340 and *Rucker* at 1456-57.

Plaintiff's allegations include facts which trigger NAPA's obligations under ERISA and its implementing regulations. In her Complaint, Plaintiff alleges facts which ultimately show that Plaintiff was a beneficiary and/or participant of the Plan and entitled to medical care coverage under the Plan; Plaintiff was diagnosed as suffering from a serious medical condition and she was obligated to subsequently undergo surgical treatment; prior to the above-referenced surgery, NAPA, and particularly Dr. Nasser Razack, was notified of the recommendation that Plaintiff have the procedure and in turn approved Plaintiff's leave to proceed with the surgery; on December 10, 2013, three (3) weeks after the authorized surgery was completed, Plaintiff was sent a letter by Florida Blue stating that her "employer's policy has been cancelled effective 11/01/2013" pursuant to NAPA's nonpayment of the Plan premium; and Plaintiff did not receive any notice from NAPA that the Plan premium was not paid prior to the surgical procedure or prior to receiving Florida Blue's letter. (*See* Doc. 1 ¶¶ 4, 15, 18, 23, 24). Because the Complaint alleges facts to support these theories of liability, NAPA's argument that it had no obligation to notify Plaintiff of any change in her medical insurance benefits fails. The Complaint sufficiently pleads a claim for ERISA benefits. Therefore, the Motion to dismiss Count I must be denied.

   D. **NAPA's Flawed Analysis of Fla. Stat. §627.6645 Fails to Recognize its Applicability to Both Insurers and Policyholders.**

NAPA attempts to distance itself from the requirements of Fla. Stat. §627.6645 by contending that Count II of the Complaint should be dismissed because NAPA is not an insurer. However, as alleged in the Complaint, Fla. Stat. §627.6645(1) specifically applies to NAPA as a

6

policyholder under the Plan, which mandates that NAPA provide any notice pertaining to cancellation of the Plan from the insurer to Plaintiff as soon as practicable. (*See* Doc. 1 ¶42). At this stage of the proceedings, that is sufficient to overcome NAPA's Motion to Dismiss. Plaintiff's Complaint clearly alleges that NAPA was the "plan sponsor" and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002(16)(B) and (21)(A), which undoubtedly classifies NAPA as the policyholder of the Plan. (*See* Doc. 1 ¶5).

Contrary to NAPA's assertion that Fla. Stat. §627.6645(1) doesn't apply to it as a policyholder due to the basis of cancellation being nonpayment, NAPA fails to understand that this provision simply amends the insurer's requirement under such a scenario—not the policyholder's mandate. While an insurer can rely on Fla. Stat. §627.6645(5) in the scenario of this lawsuit to comply with the notification requirements imposed by Florida law, a policyholder remains liable for the notice requirements of Fla. Stat. §627.6645 (1). This analysis is evident by the lack of mention of a policyholder's notice obligations in Fla. Stat. §627.6645(5). Thus, NAPA's breach of the requirements of Fla. Stat. §627.6645 by failing to provide Plaintiff with notification that the Plan premium was unpaid and thereby foreclosing Plaintiff from receiving coverage under the Plan as it relates to Plaintiff's surgical procedure.

Consequently, Plaintiff has not received this critical information from NAPA, and it would be unjust to allow NAPA to violate the statute by not providing this notification and profit by securing a dismissal by virtue of Plaintiff's lack of knowledge of the non-payment of NAPA's premium. NAPA simply cannot circumvent Fla. Stat. §627.6645(1)'s mandate from a plain reading of the statute.

### E. Dismissal With Prejudice is Inappropriate as Amendment Would Not Be Futile.

For the reasons stated above, NAPA's Motion to Dismiss should be denied. In the event the Court finds that the Complaint is deficient in any manner, leave to amend should be given and

the Complaint dismissed without prejudice, as Plaintiff can state facts entitling her to relief. *Martinez*, 2010 WL 1779394 at *1.

### III. CONCLUSION

The Complaint meets the applicable pleading requirements and states causes of action upon which relief can be granted against NAPA. Consequently, the allegations in the Complaint together with the documents attached to the Complaint and all reasonable inferences drawn from them support the Plaintiff's claims and require that NAPA's Motion be denied. Plaintiff therefore respectfully requests that the Court deny NAPA's Motion to Dismiss and instruct NAPA to file an answer to the Complaint.

Respectfully submitted,

/s/ *Irain J. Gonzalez*
Robert W. Boos, Esq.
Florida Bar No. 0558079
Primary: bob.boos@arlaw.com
Secondary: lisa.stallard@arlaw.com
LEAD ATTORNEY
Irain J. Gonzalez, Esq.
Florida Bar No. 0092408
Primary: ira.gonzalez@arlaw.com
Secondary: cindy.miller-tillett@arlaw.com
**ADAMS AND REESE LLP**
101 East Kennedy Boulevard, Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

/s/ *Irain J. Gonzalez*
Irain J. Gonzalez, Esq.
Florida Bar No. 0092408