UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA FINEHOUT RANDALL

    Plaintiff,

    vs.                                          Case No.: 8:16-cv-1531-T-17TGW

NEUROINTERVENTIONAL
ASSOCIATES, P.A. and BLUE CROSS
AND BLUE SHIELD OF FLORIDA, INC.,
D/B/A FLORIDA BLUE

    Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT BLUE CROSS AND BLUE SHIELD OF FLORIDA INC.'S MOTION FOR LEAVE TO REPLY**

Plaintiff Sabrina Finehout Randall ("Plaintiff"), by her undersigned counsel, files Plaintiff's Response to Defendant Blue Cross and Blue Shield of Florida Inc.'s ("Florida Blue") Motion For Leave to Reply ("Motion") requesting that this Court deny Florida Blue's Motion for the reasons set forth herein.

## ARGUMENT

Florida Blue alleges that Plaintiff has made a new argument regarding Florida Blue's alleged liability that is not set forth in the Complaint.[1] (Dkt. 16, ¶3). Florida Blue further argues that Plaintiff's Opposition relies on regulations and statutes that are not referenced, directly or indirectly, in her Complaint. (Dkt. 16, ¶4). These assertions are inaccurate. Plaintiff directly and indirectly alleges breach of Florida Blue's fiduciary duty under 29 U.S.C. §§1132(a)(1)(B) and

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Complaint (Dkt. 1) and Opposition to Florida Blue's Motion to Dismiss (Dkt. 13).

(a)(2) in her Complaint (Dkt. 1, ¶¶28-37). 29 U.S.C. §§1132(a)(2) refers explicitly to a breach by a fiduciary under 29 U.S.C. §1109, which speaks directly of breaches of "any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter." *See* 29 U.S.C. §§1132(a)(2). Further, all statutes and regulations Plaintiff references in her Opposition are imposed upon a fiduciary under "this subchapter," and stem directly from ERISA. Thus, contrary to Florida Blue's assertion, Plaintiff has not raised any new allegations in her Opposition.

Rather, Plaintiff simply provided additional analysis and specificity in response to Florida Blue's Motion to Dismiss (Dkt. 10) to further support the allegations asserted in Plaintiff's Complaint. Florida Blue clearly intends to re-argue substantive issues that it could/should have asserted and argued in its Motion to Dismiss and supporting memorandum. Therefore, Florida Blue has not met its burden to support the necessity of the filing of a reply to Plaintiff's Opposition. Plaintiff respectfully requests that the Court deny Florida Blue's Motion For Leave to Reply.

<div style="margin-left: 3em;">

Respectfully submitted,

/s/ *Irain J. Gonzalez*
Robert W. Boos, Esq.
Florida Bar No. 0558079
Primary:  bob.boos@arlaw.com
Secondary:  lisa.stallard@arlaw.com
LEAD ATTORNEY
Irain J. Gonzalez, Esq.
Florida Bar No.  0092408
Primary:  ira.gonzalez@arlaw.com
Secondary:  cindy.miller-tillett@arlaw.com
**ADAMS AND REESE LLP**
101 East Kennedy Boulevard, Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
*Counsel for Plaintiff*

</div>

2

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 12, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

                                         */s/ Irain J. Gonzalez*
                                         Irain J. Gonzalez, Esq.
                                         Florida Bar No.  0092408