UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA FINEHOUT RANDALL

      Plaintiff,

      vs.                              Case No.: 8:16-cv-1531-T-17TGW

NEUROINTERVENTIONAL
ASSOCIATES, P.A. and BLUE CROSS
AND BLUE SHIELD OF FLORIDA, INC.,
D/B/A FLORIDA BLUE

      Defendants.
_____

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), believes that the form of case Management Report being used for this matter is inconsistent with the law that governs this case under the Employee Retirement Income Security Act ("ERISA"), and that discovery should be limited to what is allowed in an ERISA benefits case. Typically, in this District, a shorter version of the Case Management Report form is utilized which provides for restrictions on discovery in ERISA cases, the submission of the Administrative Record, and the filing of cross-motions for summary judgment, among other things. Generally, discovery in ERISA cases is limited to the administrative record and issues of conflict of interest. Blake v. Union Camp. Int'l Paper, 2015 WL 4646763 (11th Cir. 2015). There are no allegations of a conflict of interest, and thus as a matter of law no discovery is warranted on that issue. There are

other, narrow, issues where limited discovery has been allowed, although none of those issues is presented in this case. In an ERISA benefit denial case the district court sits more as an appellate tribunal than as a trial court. Johnson v. Bellsouth Long Term Disability Plan for Non-Salaried Employees, 2006 WL 2092273, No. 3:05-cv-858-J-32TEM, at *10 (M.D. Fla. July 26, 2006). "It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." Id. (citations omitted). See also, Metropolitan Life Insurance Co. v. Glenn, 128 S.Ct. 2343, 2348-49 (2008); Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Paramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1446 (11th Cir. 1997); Richey v. Hartford Life & Accident Ins. Co., 608 F. Supp. 2d 1306, 1309-10 (M.D. Fla. 2009). Under ERISA, when determining the merits of a case, the Court must limit itself to those facts found in the administrative record. See Jett v. Blue Cross and Blue Shield of Ala., Inc., 890 F.2d 1137, 1139 (11th Cir. 1989) (district court reviewing an ERISA benefits decision under the arbitrary and capricious standard may only consider the information available to the administrator at the time of the decision); Lee v. Blue Cross and Blue Shield of Ala., Inc., 10 F. 3d 1547, 1550 (11th Cir. 1984) (same). This limited review conducted by the Court is why the scope of discovery is similarly limited.

      Subject to the above statement, and without waiving any objections it has regarding discovery and the scope thereof under the applicable law, and the potential of having to move for a protective order regarding discovery that may be requested of it, BCBSF has participated in the preparation of this CMR.

      Plaintiff does not believe that the form of case Management Report being used for this matter is inconsistent with the law that governs this case, and respectfully requested that the Court issue its standard Scheduling Order pursuant to the agreed upon deadlines cited in this

Case Management Report. At this stage in the litigation, it is premature to conclude that this litigation does not include conflict of interest issues involving BCBSF, particularly considering no discovery has taken place and Plaintiff was first provided a copy of the Plan at issue when BCBSF attached the Plan to its Motion to Dismiss, although she had repeatedly requested it on multiple occasions prior to commencing this action. *See* Complaint, ¶10 and *Crume v. Metro. Life Ins. Co*., 388 F. Supp 2d 1342 (M.D. Fla. 2005), affd, *387 F Supp 2d 1212* (M.D. Fla. 2005) (Plan administrator was not entitled to protective order in Employee Retirement Income Security Act (ERISA) benefits denial case in which it had an apparent conflict of interest as both the ERISA plan administrator and the plan insurer, to prevent deposition of employee who made decision denying long-term disability benefits.  ERISA review was not limited to administrative record and could extend to nature of information considered by fiduciary, competency of fiduciary to evaluate information, how decision was reached, whether fiduciary should have sought outside technical assistance in reviewing claim, and whether conflict of interest existed); *Rosser-Monahan v. Avon Products, Inc*., 227 FRD 695, 699 (M.D. Fla 2004) ("[T]he court concludes that, in this case, discovery should be permitted beyond the claims file which Defendant may deem its "administrative record."  Defendant's motion for protective order makes no specific objection to the areas of inquiry in Plaintiff's Notice of Taking Deposition of Defendant pursuant to Rule 30(b)(6), but rather asserts that no discovery may be conducted beyond the claims file. The court disagrees. "Facts known to the administrator" could include information not within the claims file, and the discovery sought by Plaintiff is relevant to this inquiry.")

Further, Plaintiff's ability to depose BCBSF's corporate representative as to Plaintiff's allegation that BCBSF did provide Northside Hospital with an authorization prior to the

procedure that issue should not be limited prior to a review of the administrative record. *See* Complaint, ¶19.

Recently, in *United Surgical Assistants, LLC v. Aetna Life Ins. Co*., 8:14-CV-211-T-30JSS, 2015 WL 7777535, at *1 (M.D. Fla. Dec. 3, 2015), the Court entered an Order on Defendant's Motion for Protective Order, which sought to prevent the deposition of Defendant's employee and corporate representative on the basis that no discovery beyond that which was already produced in the administrative record was necessary to resolve the claims at issue in the case. In its Order, the Court described the relevant scope of discovery in ERISA cases as limited, yet proportional to the standard of review to be applied in each case. In applying this principle to the case at issue, the Court's Order permitted discovery to the extent that the information sought related to the facts known to the administrator at the time the claims-denial decision was made. Specifically, the Court permitted inquiry regarding the following: (1) the exact nature of the information considered by the fiduciary in making the decision; (2) whether the fiduciary was competent to evaluate the information in the administrative record; (3) how the fiduciary reached its decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and (5) whether a conflict of interest existed.

Additionally, any limitation the Court imposes on Plaintiff's ability to pursue additional discovery beyond the administrative record as to BCBSF should not apply to any discovery sought from Defendant Neurointerventional Associates, P.A as it relates to the allegations in Plaintiff's Complaint.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** **BCBSF will produce the Administrative Record** [Court recommends 30 days after CMR meeting] | September 30, 2016 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | Completed |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | October 12, 2016 |
| **Disclosure of Expert Reports** **Plaintiff:** **Defendant:** [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | January 18, 2017 January 18, 2017 |
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | March 20, 2017 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 5 months before trial term begins] | April 18, 2017 |
| **Meeting In Person to Prepare Joint Final Pretrial Statement** [10 days before Joint Final Pretrial Statement] | July 14, 2017 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 6 weeks before Trial] | July 25, 2017 |
| **All Other Motions Including Motions *In Limine*** [Court recommends 1 week before Final Pre-trial Conference] | July 31, 2017 |

| | |
|---|---|
| **Final Pretrial Conference [As needed, Court will set a date that is approximately 4 weeks before trial]** | August 7, 2017 |
| **Trial Briefs [Court recommends 2 weeks before Trial]** | August 22, 2017 |
| **Trial Term Begins** <br><br> [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on Monday preceding the 1st day of the month; trials before magistrate judges will be set on a date certain after consultation with the parties] | September 4, 2017 |
| **Estimated Length of Trial [trial days]** | 2 days |
| **Jury/Non-Jury** | Non-Jury |
| **Mediation Deadline:** <br> **Mediator:** <br> **Address:** <br> **Telephone:** <br> [Absent arbitration, mediation is mandatory; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | November 30, 2016 <br> Peter J. Grilli, <br> 3001 W Azeele St. Tampa, FL 33609 <br> 813- 874-1002 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____ <br> No__**X**__ <br> **Likely to Agree in Future** _____ |

**I.     Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a

different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on <u>August 12, 2016</u> (date) at <u>11:00 a.m.</u>(time) at <u>101 East Kennedy Boulevard, Suite 4000, Tampa, Florida 33602</u> (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Ira J. Gonzalez, Esquire** | **Plaintiff** |
| **Adam S. Levine, Esquire** | **Defendant, Neurointerventional Associates, P.A.** |
| **Timothy J. Conner, Esquire (telephonically)** | **Defendant, Blue Cross and Blue Shield** |

**II.     Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged __X__ agree to exchange (check one)
information described in Fed.R.Civ.P. 26(a)(1)(A)(i)- (iv) (check one)
BCBSF will produce the Administrative Record.
    by     <u>September 30, 2016</u> (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

**III.    Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

  _X_ No party anticipates the disclosure or discovery of ESI in this case;

  ___ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

  A. The form or forms in which ESI should be produced.

  B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

  C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

  D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

  E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

  F. Any issues relating to preservation of discoverable ESI.

  G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective

---

[2] See Generally: Rules Advisory Committee Notes to the 2006 Amendments to Rule 26 (f) and Rule 16.

order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each: _____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

_X_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

     A.     **Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper - including emergency motion - is subject to

being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

\_\_\_X\_\_\_\_ Yes _____ No Amended Certificate will be filed by

_____ _____ (party) on or before

_____ (date).

      **B.**     **Discovery Not Filed -**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

      **C.**     **Limits on Discovery -**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

      1.    Depositions

2. Interrogatories

3. Document Requests

4. Requests to Admit

5. Supplementation of Discovery

  **D.** **Discovery Deadline -**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

  **E.** **Disclosure of Expert Testimony -**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

  **F.**  **Confidentiality Agreements -**

  Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc*., 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp*., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

  The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

  **G.**  **Other Matters Regarding Discovery –**

**V.      Settlement and Alternative Dispute Resolution.**

   **A.      Settlement -**

The parties agree that settlement is

__X___ likely _____ unlikely     (check one)

The parties request a settlement conference before a United States Magistrate Judge.

yes _____ no ___X___ likely to request in future _____

   **B.      Arbitration -**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

yes _____         no __X___         likely to agree in future _____

_____ Binding            _____Non-Binding

   **C.      Mediation -**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

   **D.      Other Alternative Dispute Resolution -**

The parties intend to pursue the following other methods of alternative dispute resolution:


Date:  ____August 18, 2016_____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

/s/ Irain J. Gonzalez
Robert W. Boos, Esq.
Florida Bar No. 0558079
Primary: bob.boos@arlaw.com
Secondary: lisa.stallard@arlaw.com
Irain J. Gonzalez, Esq.
Florida Bar No. 0092408
Primary: ira.gonzalez@arlaw.com
Secondary: cindy.miller-tillett@arlaw.com
ADAMS AND REESE LLP
101 East Kennedy Boulevard, Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
*Counsel for Plaintiff*

/s/ Timothy J. Conner
Timothy J. Conner
Florida Bar No. 767580
Primary: timothy.conner@hklaw.com
Secondary: lynette.mattison@hklaw.com
Raymond F. Treadwell
Florida Bar No. 0093834
Primary: raymond.treadwell@hklaw.com
Secondary: jennie.shiver@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872
*Attorneys for Defendant Blue Cross and Blue Shield of Florida, Inc.*

/s/ Adam S. Levine
Adam S. Levine, M.D., J.D.
Florida Bar # 78288
The Florida Legal Advocacy Group of Tampa Bay
1180 Gulf Boulevard, Suite 303, Clearwater, FL 33767
(727) 512 – 1969 [Telephone]
(866) 242 – 4946 [Facsimile]
aslevine@msn.com [Primary E-mail]
alevine@law.stetson.edu [Secondary E-mail]
*Trial Counsel and Counsel for Defendant Neurointerventional Associates, P.A.*