UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA FINEHOUT RANDALL,

    Plaintiff,

v.                                                 CASE NO.:  8:16-cv-1531-T-17TGW

NEUROINTERVENTIONAL
ASSOCIATES, P.A., and BLUE CROSS
AND BLUE SHIELD OF FLORIDA, INC.,
d/b/a FLORIDA BLUE,

    Defendant.
_____/

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), hereby submits its Reply to Plaintiff's Memorandum in Opposition to Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss (Dkt. No. 13; "Plaintiff's Opposition").

Plaintiff's Opposition does not address BCBSF's primary arguments set forth in its Motion to Dismiss (Dkt. No. 10) that Plaintiff failed to allege facts sufficient to demonstrate either a breach of the Plan terms (Count I) or a violation of Section 627.6645, Florida Statutes (Count II).  Nor does Plaintiff take issue with BCBSF's position that there is no private right of action under Section 627.6645.

Instead, as if to attempt to establish a new basis for her action against BCBSF, Plaintiff contends that BCBSF had a fiduciary duty "to provide Plaintiff with advance notice of the termination of her coverage under the Plan."  Pl.'s Opp. at 4.  This alleged fiduciary duty is nowhere in Plaintiff's Complaint.  The only alleged fiduciary duty with respect to BCBSF is that BCBSF had a duty "to pay the costs associated with Plaintiff's procedure."  Compl. ¶ 32.

1

Plaintiff's new basis for liability is not sufficient to amend and save her Complaint. See Beavers v. City of Atlanta, Ga., No. 1:13–CV–3487–AJB, 2015 WL 1509485, at *8 (N.D. Ga. Mar. 31, 2015) ("A plaintiff may not raise new claims in response to a motion to dismiss without seeking leave to file an amended complaint."); Bill Fitzgibbons, LLC v. REV Birmingham, Inc., No. 2:14–CV–268–VEH, 2014 WL 1923813, at *15 n.14 (N.D. Ala. May 12, 2014) ("A complaint may not be amended by briefs in opposition to a motion to dismiss.").

Even assuming, *arguendo*, that Plaintiff had properly alleged the above breach of fiduciary duty, Plaintiff is nevertheless mistaken on the law. Plaintiff relies on 29 C.F.R. § 2590.715-2712(a)(1) to suggest that BCBSF "was required to timely notify Plaintiff that her coverage was going to be terminated." Pl.'s Opp. at 4. Plaintiff's reliance, however, is misplaced as the above regulation deals with *rescissions* of coverage, as opposed to a cancellation of coverage for failure to pay premiums which is what occurred here. See 29 C.F.R. § 2590.715-2712 (titled, "Rules regarding rescissions"). The regulation clearly states, "A cancellation or discontinuance of coverage is **not a rescission** if . . . [t]he cancellation or discontinuance of coverage is effective retroactively to the extent it is attributable to a failure to timely pay required premiums or contributions towards the cost of coverage." 29 C.F.R. § 2590.715-2712(a)(2)(ii) (emphasis added); 75 Fed. Reg. 37231.

Plaintiff acknowledges that BCBSF retroactively terminated Plaintiff's coverage due to the nonpayment of premiums. Compl. ¶¶ 23-24. Accordingly, BCBSF did not "rescind" Plaintiff's coverage and the regulations and statutes governing rescissions of coverage are not applicable to Plaintiff's loss of coverage. Thus, Plaintiff's reliance upon 42 U.S.C. § 300gg-12 is equally incorrect. See Pl.'s Opp. at 4-5.

Next, Plaintiff relies on a regulation of the Internal Revenue Service, 26 CFR § 54.9815–2715(b). Pl.'s Opp. at 4. Plaintiff selectively omits, however, the crux of the regulation, emphasized in the following excerpt:

> If a group health plan, or health insurance issuer offering group health insurance coverage, makes any material modification **(as defined under section 102 of ERISA) in any of the terms of the plan or coverage that would affect the content of the SBC, that is not reflected in the most recently provided SBC, and that occurs other than in connection with a renewal or reissuance of coverage,** the plan or issuer must provide notice of the modification to enrollees not later than 60 days prior to the date on which the modification will become effective.

26 CFR § 54.9815–2715(b) (emphasis added).

The complete provision makes clear that it deals with modifications to the plan terms, not modifications in coverage *per se*. In other words, this regulation does not address Plaintiff's termination of coverage. Plaintiff's coverage was terminated when premiums were not paid, not because of a modification to the plan terms. To the contrary, her coverage terminated as a result of BCBSF enforcing the plan terms. Accordingly, this IRS regulation that deals with modifications to plan terms is inapplicable.

Plaintiff then cites to Willett v. BCBS of Alabama, 953 F.2d 1335 (11th Cir. 1992), for the proposition that BCBSF had a fiduciary duty to provide prompt notice to the insured of the suspension or termination of coverage. Pl.'s Opp. at 4-5. But Willett recognizes that an insurer can delegate the notice of termination fiduciary duty to the plan sponsor. 953 F.2d at 1340. Here, BCBSF properly delegated the duty regarding notice of termination to the plan sponsor, Neurointerventional Associates, P.A ("NAPA"). See Graham Aff. Ex. A at GP-5 (Dkt. No. 11-1 at 10) ("It is your responsibility to immediately notify each Covered Employee of termination of this Policy for any reason.").

As a result of the delegation, BCBSF has no fiduciary liability to Plaintiff, unless BCBSF "had knowledge of [NAPA's] failure to inform the plan beneficiaries that their coverage had lapsed for nonpayment of premiums." Willett, 953 F.2d at 1341 (citing 29 U.S.C. § 1105(a)(3)). If BCBSF had such knowledge, then BCBSF "incurred a duty to take reasonable steps to remedy the breach." Id. at 1342.

The other case cited by Plaintiff, Rucker v. Pacific FM, Inc., 806 F.Supp. 1453 (N.D. Cal. 1992) dealt with an employer's liability for intentionally concealing the termination of a long-term disability policy. The case did not involve an insurer or an insurer's fiduciary duties, and has no bearing here as there is no allegation of intentional concealment against BCBSF.

These cases do not matter in any event. As the Complaint and its exhibits (as well as the exhibits attached to the Graham Aff.) demonstrate, BCBSF actually complied with the 45-day notice requirement set forth in the Policy and in Section 627.6645, Florida Statutes. BCBSF even directly notified Plaintiff, although it had no duty to do so.

Finally, Plaintiff's suggestion that BCBSF had a duty to notify her prior to the effective date of termination is illogical where, as here, termination is based on an unpaid premium for which it had no notice. BCBSF clearly cannot know whether a premium will be paid by the due date (or during the grace period following the due date) in the absence of being so advised, and therefore notice prior to the due date is not possible. That is why the law allows for a retroactive termination where there is a failure to pay a premium when due.

Plaintiff has failed to provide any legal basis to support liability against BCBSF. For the foregoing reasons, and on the grounds argued in its Motion to Dismiss, BCBSF respectfully requests that the Court grant its Motion to Dismiss with prejudice.

                                  **HOLLAND & KNIGHT LLP**

                                   _s/ Timothy J. Conner_
Timothy J. Conner
Florida Bar No. 767580
Primary: timothy.conner@hklaw.com
Secondary: lynette.mattison@hklaw.com
Raymond F. Treadwell
Florida Bar No. 0093834
Primary: raymond.treadwell@hklaw.com
Secondary: jennie.shiver@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
Telephone:  (904) 353-2000
Facsimile:  (904) 358-1872

*Attorneys for Defendant Blue Cross and Blue Shield of Florida, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of August, 2016, the foregoing document was served via the Court's CM/ECF system on the following parties:

| | |
|---|---|
| Robert W. Boos, Esq.<br>Bob.Boos@arlaw.com<br>Irain J. Gonzalez, Esq.<br>Ira.Gonzalez@arlaw.com<br>**ADAMS AND REESE, LLP**<br>101 East Kennedy Blvd., Suite 4000<br>Tampa, FL 33602<br><br>*Attorneys for Plaintiff* | The Florida Legal Advocacy Group of Tampa Bay<br>Adam S. Levine, M.D., J.D.<br>1180 Gulf Boulevard, Suite 303<br>Clearwater, FL 33767<br>aslevine@msn.com [Primary E-mail]<br>alevine@law.stetson.edu<br>[Secondary E-mail]<br><br>*Attorneys for Defendant Neurointerventional Associates, P.A* |

                                          _s/ Timothy J. Conner_
                                          Attorney